## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

*Filed Electronically*

| | |
|---|---|
| **LOIS HERTOG** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| **BAPTIST HEALTHCARE SYSTEM, INC.** | ) |
| | ) |
| **DEFENDANT** | ) |

## NOTICE OF REMOVAL

Defendant Baptist Healthcare System, Inc. ("Baptist"), by counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby notifies this Court that it is removing the above-captioned action, currently pending as Civil Action No. 22C01-2211-PL-001347 in the Floyd Circuit Court, Floyd County, Indiana ("Civil Action"). As grounds for removal, Baptist states as follows:

1. On November 18, 2022, plaintiff Lois Hertog filed a lawsuit in Floyd Circuit Court, Indiana styled *Lois Hertog v. Baptist Healthcare System, Inc.*, Civil Action No. 22C01-2211-PL-001347. The claims asserted in the Civil Action arise out of Plaintiff's employment with and separation from Baptist.

2. Baptist was served, by mail, with Plaintiff's Complaint on December 29, 2022.

3. This Notice of Removal is timely under 28 U.S.C. § 1446, in that it was filed on January 20, 2023, which is within thirty (30) days of service.

4. Consistent with 28 U.S.C. § 1446(a), true and correct copies of the pleadings in the state court action are attached and incorporated herein as **Exhibit 1,** State Court Record.

5. The above-described Civil Action is one that may be removed by Baptist consistent with the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 on the bases of federal question, supplemental, and diversity jurisdiction.

### Federal Question and Supplemental Jurisdiction

6. In her Complaint, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). (*See* **Exhibit 2,** Complaint, ¶¶ 51-56).

7. Specifically, Plaintiff asserts that "Baptist retaliated against Plaintiff for exercising her religious beliefs" and "Baptist's actions constitute unlawful religious discrimination in violation of Title VII of the Civil Rights Act." (*Id.* at ¶¶ 53-54).

8. Additionally, under the heading "Title VII of the Civil Rights Act and Age Discrimination in Employment Act Claims," Plaintiff asserts that "it is unlawful for Baptist to discriminate against Plaintiff because of her age" and that she "has been damaged as a direct result of Baptist's actions." (*Id.* at ¶¶ 52, 54).

9. Accordingly, pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction over the Civil Action because Plaintiff alleges that multiple claims in the Complaint – Title VII and ADEA – arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. (*See id.*).

10. Consistent with 28 U.S.C. § 1331, therefore, this Court has original subject matter jurisdiction over Plaintiff's Title VII and ADEA claims (Count V).

11.     Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over Plaintiff's claims for alleged breach of implied contract (Count I), wrongful termination (Count II), negligence (Count III), violations of the Kentucky Civil Rights Act, KRS 344.010, *et seq.* ("KCRA") (Count IV), and requested fines and penalties under Indiana Code § 22-2-4-4. (*See* Complaint ¶¶ 24-50; 57-61).

### Diversity Jurisdiction

12.     Moreover, there is complete diversity between the parties to this lawsuit.

13.     Plaintiff is a citizen of Indiana. "Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain[.]" *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). According to the Complaint, plaintiff "Lois Hertog is a resident of Indiana." *See* Complaint at ¶ 1. The undersigned counsel has no knowledge of Plaintiff's citizenship changing between the time the Civil Action was filed and the time of filing this Notice of Removal.

14.     According to the Complaint, Baptist is "a Kentucky corporation" and "[i]ts principal office is located at 2701 Eastpoint Parkway, Louisville, KY 40223." *Id.* at ¶ 2. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Baptist is a citizen of Kentucky.

15.     Therefore, because Plaintiff is a citizen of Indiana and Baptist is a citizen of Kentucky, there is complete diversity of citizenship between the parties to this lawsuit. *See* 28 U.S.C. § 1332.

16.     Also, exclusive of interests and costs, the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

17. In the Complaint, Plaintiff seeks compensatory damages, punitive damages, statutory fines, and attorneys' fees. *See* Complaint at ¶¶ 30-31; 35-36; 42-43; 49-50; 55-56; 61. Plaintiff does not limit the amount in controversy. *Id.*

18. Multiple claims alleged by Plaintiff allow the prevailing plaintiff to recover attorney fees incurred in prosecuting the claim. *See* KRS 344.450 (permitting a "reasonable fee for the plaintiff's attorney of record" in KCRA claims); 42 U.S.C. § 2000-5 (permitting "a reasonable attorney's fee (including expert fees)" as part of the costs in Title VII discrimination claims); 29 U.S.C. § 626(b) (ADEA attorney fee provision); IC § 22-2-4-4 (permitting the recovery of reasonable attorney's fees). Thus, the potential attorney fees Plaintiff seeks are included in the calculation of the amount in controversy.

19. In determining whether the amount in controversy is satisfied, the court need only be convinced that it is more likely than not that the amount at issue exceeds $75,000. *Carroll v. Stryker Corp.*, 658 F.3d 675 (7th Cir. 2011).

20. Based on the monetary relief Plaintiff seeks, including but not limited to compensatory damages, statutory fines, and attorney's fees, a reasonable and fair reading of the Complaint demonstrates the amount in controversy more likely than not exceeds $75,000.

21. Accordingly, because there is complete diversity of citizenship between the parties and, exclusive of interest and costs, the amount in controversy exceeds $75,000, this Civil Action could have been brought before this Court pursuant to 28 U.S.C. § 1332. Therefore, Baptist may remove this Civil Action pursuant to 28 U.S.C. § 1441(a).

### **Compliance with 28 U.S.C. § 1441**

22. The United States District Court for the Southern District of Indiana is the proper judicial district for this Civil Action because it presides over the county within which the Complaint was filed and where the action is currently pending. *See* 28 U.S.C. § 1441(a).

23. Venue is proper under 28 U.S.C. § 1441(a) because the Southern District of Indiana embraces the place, Floyd County, Indiana, where the action is currently pending.

24. The New Albany Division is the proper division within the district because the underlying action was originally brought in Floyd County, Indiana.

25. Thus, this Notice of Removal comports with the requirements of 28 U.S.C. § 1441.

### **Conclusion**

26. By virtue of this Notice of Removal, Baptist does not waive its right to respond to the Complaint and/or assert any claims, defenses, or to file other motions.

27. This action is not an action described in 28 U.S.C. § 1445.

28. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

29. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing of this Notice of Removal, without exhibits, is being electronically filed with the Clerk of the Floyd County Circuit Court, and a copy of the same is being electronically served upon all adverse parties. **Exhibit 3,** Notice of Removal (Floyd Circuit Court).

WHEREFORE, Baptist hereby gives notice of the removal of this action from the Circuit Court of Floyd County, Indiana, to this Court for all further proceedings.

Respectfully submitted,

*/s/ Trent A. Taylor*
Trent A. Taylor
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
trent.taylor@dinsmore.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, the foregoing was filed with the Clerk of Court using the CM/ECF system and was served via email and U.S. mail to the following:

W. Edward Skees
THE SKEES LAW OFFICE
415 W. First Street
New Albany, IN 47150
(812) 944-9990
(812) 944-8033 (fax)
ed@skeeslaw.com
*Counsel for Plaintiff*

*/s/ Trent A. Taylor*
*Counsel for Defendant*