UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LOIS HERTOG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00010-SEB-TAB |
| ) | |
| BAPTIST HEALTHCARE SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Now before the Court is Defendant's Motion to Dismiss [Dkt. 7]. Plaintiff Lois Hertog ("Ms. Hertog") brings this action against her former employer, Defendant Baptist Healthcare System, Inc. ("Baptist Healthcare"), alleging that Baptist Healthcare discriminated against her because of her religion and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), respectively. Ms. Hertog also alleges state and common law claims for breach of implied contract, wrongful termination, negligence, violations of Kentucky civil rights law, and statutory fines and penalties under Indiana law. Baptist Healthcare seeks dismissal of Ms. Hertog's state law breach of implied contract, wrongful termination, negligence, and statutory fines and penalties claims as well as her ADEA claim.

For the reasons detailed below, we GRANT IN PART and DENY IN PART Defendant's Motion to Dismiss.

1

## Factual Background[1]

From September 2003 to November 2021, Baptist Healthcare employed Ms. Hertog as a Physical Therapist Assistant at its Baptist Floyd Hospital, located in Floyd County, Indiana. In August 2021, due to the Covid-19 pandemic, Baptist Healthcare implemented a policy requiring all covered healthcare workers, which included Ms. Hertog, to obtain and provide proof of a Covid-19 vaccination. Compl. ¶ 10. Baptist Healthcare offered all employees the opportunity to apply for a religious or medical exemption to the vaccine requirement. *Id.* ¶ 11. Employees who refused to be vaccinated and did not receive an exemption were subject to termination. *Id.* ¶ 10.

Ms. Hertog alleges that she is a person of faith who holds strong religious beliefs that conflicted with Baptist Healthcare's vaccination requirement, and she therefore sought a religious exemption. To receive an exemption, Baptist Healthcare employees were required to complete exemption request paperwork and to sign an acknowledgement form that stated, among other things, that by not getting vaccinated they were at a higher risk of acquiring and spreading Covid-19 and that they may be subject to periodic testing and other measures, such as layoff or reassignment. *Id.* ¶ 14. Ms. Hertog timely submitted her application for religious exemption, but Baptist Healthcare denied her exemption because she refused to sign the acknowledgement form. *Id.* ¶¶ 13, 14.

The complaint alleges that Ms. Hertog was terminated in November 2021, "based on her age, religious beliefs, and because [she] was unwilling to sign an

---

[1] We have included in our factual recitation only those facts contained in Ms. Hertog's complaint.

acknowledgement stating [she] was endangering the community because of her religious beliefs," after which she filed for unemployment. *Id.* ¶¶ 15, 16. Baptist Healthcare fought her unemployment claim by representing that she had engaged in willful misconduct, requiring Ms. Hertog to pay back two weeks unemployment. *Id.* ¶¶ 16, 18. Ms. Hertog alleges that, after attempting to block her unemployment, Baptist Healthcare informed her that she was still employed, and, if she did not return to work, it would be considered a voluntary resignation. *Id.* ¶ 17.

Ms. Hertog alleges that, at the time of her termination, she had accrued 110 hours of paid time off, and, under Baptist Healthcare's policies, the entire amount of her vacation pay was due and payable to her upon termination. She made a timely demand for payment on January 10, 2022, and a second demand on February 11, 2022, which Baptist Healthcare paid in March 2022.

This lawsuit was originally filed in Floyd Circuit Court on November 18, 2022, and was removed to this court on January 1, 2023. Based on the facts recounted above, Ms. Hertog has alleged claims for breach of implied contract (Count I), wrongful termination (Count II), negligence (Count III), violations of Kentucky civil rights law (Count IV), religious and age discrimination under Title VII and the ADEA, respectively (Count V), and fines and penalties under Indiana Code § 22-2-4-4 (Count VI). Baptist Healthcare has moved to dismiss all claims except Ms. Hertog's Title VII religious discrimination and Kentucky civil rights claims. That motion is now fully briefed and ripe for ruling.

**Legal Analysis**

I.     **Motion to Dismiss Standard**

Baptist Healthcare has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II.    **Discussion**

Baptist Healthcare has moved to dismiss several of Ms. Hertog's claims in this lawsuit. We address the parties' arguments in turn below.

   A. **Breach of Implied Contract (Count I)**

We first consider Baptist Healthcare's contention that Ms. Hertog failed to sufficiently plead her breach of implied contract claim. "Under Indiana law, the elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 644 (7th

Cir. 2015) (citations and quotation marks omitted). Contracts can be express, implied, or constructive. *Trustees of Ind. Univ. v. Spiegel*, 186 N.E.3d 1151, 1158 (Ind. Ct. App. 2022). Express and implied contracts "differ only in that an express contract is evidenced by spoken or written words while an implied contract is evidenced by the conduct of the parties." *DiMizio v. Romo*, 756 N.E.2d 1018, 1024 (Ind. Ct. App. 2001) (citation omitted). To plausibly state a claim for breach of an implied contract, it is not enough "to merely state that an implied contract existed and was breached." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 883 (7th Cir. 2022).

Here, Ms. Hertog alleges that she and Baptist Healthcare are "parties to contractual agreements that are in writing, oral and based on the course of conduct and course of dealing between the parties." Compl. ¶ 25. She alleges that, under those agreements, she agreed to provide rehabilitation services, and, in return, Baptist Healthcare promised to compensate her and provide a work environment that was safe and free of harassment and discrimination. Ms. Hertog alleges that she fulfilled her obligations, but that Baptist Healthcare breached its obligations by failing to provide a safe working environment that was free of harassment and discrimination. She claims that she has been damaged by that failure and is entitled to money damages.

We agree with Baptist Healthcare that Ms. Hertog's allegations, at least as to the source of the implied contract, are insufficient to survive dismissal. While we find that Ms. Hertog adequately alleges the promises that she made and those she claims were made to her—namely, that she would provide rehabilitation services and Baptist Healthcare, in turn, would provide a safe working environment, free of harassment and

5

discrimination—she has provided no facts concerning how these promises were communicated or how they created an implied contract between the parties beyond her vague allegation that unidentified written and oral exchanges and the parties' general course of conduct are the source of the contractual obligations. Ms. Hertog's conclusory allegation that Baptist Healthcare was contractually obligated to provide a safe and harassment and discrimination-free working environment, without any supporting facts, is insufficient to state a claim for breach of implied contract. Accordingly, Ms. Hertog's breach of implied contract claim is dismissed without prejudice.

### B. Wrongful Termination (Count II) and Negligence (Count III)

We turn next to Ms. Hertog's state law claims for wrongful termination and negligence. Baptist Healthcare argues that these claims must be dismissed as they are preempted by Ms. Hertog's statutory claims that are based on the same operative facts. Ms. Hertog failed to respond to this argument or otherwise mention her wrongful termination and negligence claims anywhere in her response brief in opposition to Baptist Healthcare's motion to dismiss. As such, she has conceded these points. *See*, *e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver."); *Payne v. Pentegra Ret. Servs.*, No. 1:14-cv-00309-TWP-MJD, 2015 WL 898467, at *9 (S.D. Ind. Mar. 3, 2015) (dismissing claims on a motion to dismiss when the opposing party "conceded" by failing to respond). Baptist Healthcare's argument regarding preemption of these claims is well taken, and because Ms. Hertog failed to respond to the argument, Baptist Healthcare is entitled to dismissal of these claims.

### C. Age Discrimination (Count V)

Prior to suing an employer for discrimination under the ADEA, an employee must first file a charge of discrimination with the EEOC. 29 U.S.C. § 626(d)(1) ("No civil action [under the ADEA] may be commenced by an individual … until … after a charge alleging unlawful discrimination has been filed with the [EEOC]."). This rule "afford[s] an opportunity for the EEOC to settle the dispute between the employee and employer and put[s] the employer on notice of the charges against it." *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995) (citation omitted).

Baptist Healthcare argues that Ms. Hertog's ADEA claim must be dismissed because neither of the EEOC charges she filed referenced her age or her having been discriminated against based on her age, and thus, she failed to exhaust her administrative remedies prior to filing suit. It is true that neither of the EEOC charges of discrimination that Baptist Healthcare attached to its motion to dismiss reference Ms. Hertog's age (61 at the time the complaint was filed), her date of birth, or any other facts to suggest she was claiming Baptist Healthcare discriminated against her because of her age. Based on this evidence, it appears that this lawsuit may well be the first time Ms. Hertog has asserted allegations of age discrimination against Baptist Healthcare. If so, Ms. Hertog has not exhausted her administrative remedies as they relate to the ADEA and she could be barred from asserting an ADEA claim against Baptist Healthcare in this lawsuit.

However, the exhaustion requirement under the ADEA is not jurisdictional; it is an affirmative defense. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–98 (1982); *Stearns v. Consolidated Mgmt., Inc.*, 747 F.2d 1105, 1111 (7th Cir. 1984).

"Complaints need not anticipate, and attempt to plead around, potential affirmative defenses." *Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008) (citations omitted). Here, Ms. Hertog did not reference her EEOC charges or attach either of her EEOC charges to her complaint nor otherwise plead facts sufficient to establish the exhaustion defense.

Baptist Healthcare argues that documents "central" to a plaintiff's claim, like Ms. Hertog's EEOC charges, may be considered by the court on a motion to dismiss without converting the motion into one for summary judgment. However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint *and* are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (emphasis added); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[T]he incorporation-by-reference doctrine provides that if a plaintiff mentions a document in [her] complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment."). While the complaint here alleges that Ms. Hertog was unlawfully terminated, it contains no reference to her EEOC charges. Ms. Hertog might choose to contest the content and scope of these charges or proffer an as-yet separate, undisclosed EEOC charge. We decline to rely on the content of the EEOC charges attached to Baptist Healthcare's motion to dismiss at this stage of the litigation. Accordingly, the motion is therefore denied. Defendant is, of course, free to raise this argument on summary judgment, if it chooses to file such a motion.

### D. Violations of Indiana Code § 22-2-4-4

Finally, Baptist Healthcare seeks dismissal of Ms. Hertog's claim for fines and penalties under Indiana Code § 22-2-4-4, based on its alleged failure to timely pay her for her accrued PTO following her demand for payment. This statute provides in relevant part as follows:

> Every corporation, limited liability company, company, association, firm, or person who shall fail for ten (10) days after demand of payment has been made to pay employees for their labor, in conformity with the provisions of this chapter, shall be liable to such employee for the full value of his labor, to which shall be added a penalty of one dollar ($1) for each succeeding day, not exceeding double the amount of wages due, and a reasonable attorney's fee, to be recovered in a civil action and collectable without relief.

Ind. Code § 22-2-4-4. Under Indiana law, an employer is required to pay out PTO only if the employer has a policy "grant[ing] employees the right to their PTO upon termination …." *Reel v. Clarian Health Partners, Inc.*, 873 N.E.2d 75, 81–83 (Ind. Ct. App. 2007). If the employer has such a policy, Indiana law provides that the unpaid portion becomes due "[w]henever any employer separates any employee from the pay-roll…." Ind. Code § 22-2-9-2(a).

Ms. Hertog alleges in her complaint that: (1) she was terminated in November 2021; (2) at the time of her termination she had accrued 110 hours of PTO; (3) Baptist Healthcare's policies provided that she was entitled to payment of her PTO upon termination; (4) she timely demanded payment on January 22, 2022 and February 11, 2022; and (5) Baptist Healthcare did not pay her for her PTO until March 2022, in violation of Indiana Code § 22-2-4-4. Baptist Healthcare does not dispute that these allegations, if true, are sufficient to state a penalties and fines claim under Indiana law.

9

Nor does it dispute that, pursuant to its PTO policy, Ms. Hertog was entitled to payment for accrued PTO upon termination of her employment and that it paid Ms. Hertog for her PTO in March 2022. It does argue, however, that it is entitled to dismissal of this claim because the pay stub it attached to its motion to dismiss establishes that Ms. Hertog was terminated in March 2022, not November 2021 as she alleges in her complaint, and thus, was timely paid her accrued PTO in accordance with Indiana law.

To support its contention that Ms. Hertog was not terminated until March 2022, Baptist Healthcare again refers to a document that was neither referenced in Ms. Hertog's complaint nor attached thereto. Accordingly, we will not consider the pay stub attached to Baptist Healthcare's motion to dismiss at this stage in the litigation. We note however, that, even if we were to consider the pay stub, it would not definitively prove Ms. Hertog's termination date. Because there is a dispute of fact regarding the date of her termination that cannot be resolved on a motion to dismiss, Baptist Healthcare is not at this juncture entitled to dismissal of Ms. Hertog's claim brought under Indiana Code § 22-2-4-4.

### III.  Conclusion

For the reasons detailed above, Defendant's Motion to Dismiss [Dkt. 7] is <u>GRANTED IN PART</u> as to Plaintiff's breach of implied contract, wrongful termination, and negligence claims. Dismissal is <u>without prejudice</u> as to the breach of implied contract claim and <u>with prejudice</u> as to the wrongful termination and negligence claims.

Defendant's Motion to Dismiss is <u>DENIED IN PART</u> as to Plaintiff's claims under the ADEA and Indiana Code § 22-2-4-4. Also proceeding are Plaintiff's Title VII

10

religious discrimination and Kentucky civil rights claims since Defendant did not move for their dismissal. The case shall proceed accordingly.

    IT IS SO ORDERED.

Date: _____9/13/2023_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alina Klimkina
DINSMORE & SHOHL LLP
alina.klimkina@dinsmore.com

William Edward Skees
THE SKEES LAW OFFICE
ed@skeeslegal.com

Trent Austin Taylor
Dinsmore & Shohl LLP
trent.taylor@dinsmore.com